IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ENGENIUM SOLUTIONS, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 4:10−cv−04412 |
| v. | § | |
| | § | |
| STEVE CARR and | § | |
| SYMPHONIC TECHNOLOGIES, INC. | § | JURY DEMANDED |
| | § | |
| Defendants, | § | |

## PLAINTIFF'S OBJECTIONS TO AND MOTION TO STRIKE DEFENDANTS' EXPERT, ANDREW WRIGHT

Engenium Solutions, Inc. ("Engenium"), files this Motion to Strike W. Andrew Wright ("Wright") as an expert and exclude his testimony as well as his expert report, and would respectfully show as follows:

## I.    BASIS OF MOTION

1.    W. Andrew Wright's expert report contains nothing more than generalized and vague statements Symphonic's *Harmonix* software which is not supported by any methodology or attached exhibits. The report does not contain any evidence that would aid the fact finder in comparing whether Symphonic has substantially infringed on Engenium's copyright.

2.    Instead, Wright claims that he inspected unspecified Symphonic source code. There is no indication as to what, if any, *Engenium Scheduling Workbench* code Wright inspected.

3.    The report contains only unsupported, conclusory statements that *Harmonix* and *ESW* are "functionally different." SAP standards are not provided in the report, nor are the standards present in any attachment. The report does not provide what portions of the SAP standards are

present in Symphonic or Engenium code. As such, the expert opinion is not helpful in the fact finder's analysis of any issue and should be excluded.

## II.      ARGUMENTS AND AUTHORITIES

### Wright is Unqualified, Irrelevant, and Unreliable

4.      A court may consider preliminary questions concerning the admissibility of evidence before trial. See FED. R. EVID. 104(a). In performing this function, the court must at times act as a gatekeeper in determining the admissibility of expert testimony. *See Watkins v. Telsmith, Inc.*, 121 F.3d 984, 988-89 (5th Cir. 1997). Rule 702 of the Federal Rules of Evidence guides the court in the screening process. The court may admit proffered expert testimony only if the proponent, who bears the burden of proof, demonstrates that: (1) the expert is qualified; (2) the evidence is relevant to the suit; and (3) the evidence is reliable. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999).

### A. *Wright is not a Qualified Expert*

5.      A court should exclude the testimony of an expert witness who is not qualified by knowledge, skill, experience, training, or education to render an opinion based on scientific, technical, or other specialized knowledge. FED. R. EVID. 702; *see* FED. R. EVID. 104(a); *Mukhtar v. Cal. State Univ.*, 299 F.3d 1053, 1065 n.9 (9th Cir. 2002), *amended* by 319 F.3d 1073 (9th Cir. 2003). An expert should have a higher degree of knowledge, skill, experience, training, or education about the subject of the testimony than an ordinary person. *Mukhtar*, 299 F.3d at 1065 n.9.

6.      Wright is allegedly designated to compare functional characteristics and screen appearances. (Doc. 131-1).Wright is not qualified to testify as an expert because he does not possess any of the requirements set out in FED. R. EVID. 702.

7.      First and foremost, Wright is not qualified because he does not have the proper academic background – he is not an engineer, and does not have any training as an engineer.[1] His background in math and psychology does not in any way make him qualified to provide expert engineering opinions regarding SAP. Further, there is no indication, either in his report or in his curriculum vitae, that he has experience in comparing SAP functions or that he has any SAP specific training at all.

8.      An expert may not present opinion testimony that goes beyond the scope of his expertise. *Goodman v. Harris County*, 571 F. 3d 388, 399 (5th Cir. 2009). Wright's entire report is based on his own arbitrary, unqualified, and unscientific determinations regarding which damages to include and which to leave out, the entire report and all testimony regarding the report would not aid the jurors in their understanding of any controverted facts, and any slight probative value the report or testimony regarding the report may have would clearly be outweighed by the prejudicial nature of allowing a witness unqualified to determine liability issues and to present "expert" testimony based on these inaccurate determinations

9.      If an expert does not meet the standards established under FED. R. EVID. 702, the result is exclusion of that expert's testimony. *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999)

### B. *Wright's opinion not reliable*

10.     The fact that Wright's entire report is based on his unqualified causation opinions is more than a sufficient reason to strike him as an expert witness. However, Wright's report also suffers from other deficiencies, in addition to him being grossly unqualified to provide the software comparison.

11.     Even assuming, arguendo, that Wright is somehow qualified, he must then establish that

---

1 Although Wright purports to be an SAP expert, his educational background is in Psychology and Mathematics. (Doc. 131-1).

his method and analysis are reliable and replicable.  A court should exclude the testimony of an expert if it is not reliable. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-93 (1993). An expert witness may be qualified and highly credible, but his or her conclusions may be based on unreliable methodology. Scientific evidence that is not grounded in the "methods and procedures of science" is no more than "subjective belief or unsupported speculation." *Daubert*, 509 U.S. at 590.

12.     For the expert's testimony to be reliable, the following requirements must be met: (1) the testimony must be based on sufficient facts or data, (2) the testimony must be the product of reliable principles and methods, and (3) the expert must apply the principles and methods reliably to the facts of the case. FED. R. EVID. 702; see *United States v. Conn*, 297 F.3d 548, 555 (7th Cir. 2002). The Court should exclude the testimony of Wright because the testimony is not reliable. Specifically, the Court should exclude the testimony because of the following:

13.      Wright's opinion does not lend itself to verification by the scientific method through testing. *See Daubert*, 509 U.S. at 593; *Raynor v. Merrell Pharms. Inc.*, 104 F.3d 1371, 1375 (D.C. Cir. 1997); *Deimer v. Cincinnati Sub-Zero Prods., Inc.*, 58 F.3d 341, 344 (7th Cir. 1995). The expert has not conducted any studies or analysis, or provided any in his report. All he claims is that he "inspected, reviewed, and used" *Harmonix* and *ESW*. There is no explained method or methodology.

14.      Wright's opinion is not consistent with the generally accepted methods used for gathering relevant scientific evidence in the expert's discipline. *See Daubert*, 509 U.S. at 594; *Braun v. Lorillard Inc.*, 84 F.3d 230, 235 (7th Cir. 1996). Wright's opinion contains only unsupported assertions. Wright does not give methods that would generally and reasonably be accepted in the expert's discipline, nor does he claim to.

15.     Wright's opinion is not based on sufficient facts or data. See FED. R. EVID. 702; *Ervin v. Johnson & Johnson, Inc.*, 492 F.3d 901, 904-05 (7th Cir. 2007); *Miller v. Pfizer, Inc.*, 356 F.3d 1326, 1331, 1335 (10th Cir. 2004). Wright failed to examine *ESW*'s copyright code and all versions of Symphonic's software. There is no indication what software, if any, was actually compared either. There are no attachments to Wright's expert report that would show which portions of the code were analyzed or compared.

16.     Under Rule 702 and *Daubert*, Wright is required to offer more than unsubstantiated ultimate conclusions. While *Daubert* contemplates permissible "experience-based" testimony, whether the expert's opinion is based on scientific studies or personal experience, he still must employ "the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho*, 526 U.S. at 148-152; *Chapman v. Maytag*, 297 F.3d 682, 687 (7th Cir. 2002) ("[P]ersonal observation is not a substitute for scientific methodology and is insufficient to satisfy Daubert's most significant guide posts.").  Wright simply has not demonstrated the basic analysis and methodology used to reach his conclusions.  If he cannot disclose such methodology, and it is not apparent from his report, then the Court, as the gatekeeper, should not consider those statements.

17.     Because Wright does not specify nor attach the data on which he bases his comparison, there is no way of reproducing or verifying his methodology. Plaintiff and the fact finder have no way of knowing to what he is referring, nor how his opinion aids understanding and decision as to the claims and defenses in this case.  The Court and Plaintiff are left to guess at the comparative variables used by the expert in reaching his conclusions, and that is exactly what *Daubert* and *Kuhmo Tire* proscribes.

18.     The expert has unjustifiably extrapolated from an accepted premise to an unfounded conclusion. *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997); *Blue Dane Simmental Corp. v. Am. Simmental Ass'n*, 178 F.3d 1035, 1040-41 (8th Cir. 1999). There is too great an analytical gap between the data and opinion offered.

### C.   *Wright's opinion not relevant*

19.     Because Defendants seek to use Wright's expert opinions at trial, they shoulder the burden of establishing by a preponderance of the evidence that Wright is qualified, that his opinions will be helpful to the trier of fact (i.e., relevant), and that his opinions are reliable. *See Mathis v. Exxon Corp.*, 302 F.3d 448, 459-60 (5th Cir. 2002). They cannot satisfy this burden by advancing conclusory opinions unsupported by facts or explanations of underlying bases. *See Edmonds v. Ill. Cent. Gulf R.R. Co.*, 910 F.2d 1284, 1287 (5th Cir. 1990); V*iterbo v. Dow Chem. Co.*, 826 F.2d 420, 424 (5th Cir. 1987) ("[W]ithout more than credentials and a subjective opinion, an expert's testimony that 'it is so' is not admissible.").

20.     A court should exclude the opinion testimony of an expert if it is not relevant. FED. R. EVID. 401, 402, 702; *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 260 (4th Cir. 1999); *Wintz v. Northrop Corp.*, 110 F.3d 508, 512 (7th Cir. 1997); *see Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-93 (1993). Relevance requires that there be a valid scientific connection to the pertinent inquiry in the case. *Boca Raton Cmty. Hosp. Inc. v. Tenet Health Care Corp.*, 582 F.3d 1227, 1232 (11th Cir. 2009). This Court should exclude the testimony of Defendant's expert, Wright, because the evidence supporting the expert's opinion is insufficient to allow a reasonable juror to conclude that the proposition is more likely to be true than false. *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 245 (5th Cir. 2002). Wright's report is not relevant to the issues of copyright infringement because the version of code he examined is unknown. There is no way to determine

what Symphonic code he purportedly analyzed; therefore, there is no way that an analysis of such code could disprove infringement.

### D. *Wright's Opinions Should Be Excluded Under Fed. R. Evid. 702 and For Failure to Comply With Fed. R. Civ. P. 26(a).*

21.     FED. R. CIV. P. 26(a)(2)(B) sets out the disclosure requirements for witnesses who provide expert testimony. The rule requires that the disclosures be accompanied by a written report that must include "a complete statement of all opinions the witness will express and **the basis and reasons for them**." FED. R. CIV. P. 26(a)(2)(B) (emphasis added). The purpose of this requirement is to "avoid the disclosure of 'sketchy and vague' expert information." *Sierra Club v. Cedar Point Oil Co.,* 73 F.3d 546, 571 (5th Cir. 1996).

22.     The most obvious deficiency of Wright's opinions and proposed testimony is that they are completely devoid of any reasoning or basis underlying his opinions. Examination of his report readily establishes that Wright makes no attempt to provide any explanation, reasoning, or methodology concerning how he reached his opinions.

23.     Courts have correctly rejected experts who provide conclusory opinions unsupported by reliable data or application of reliable methodologies. *See, e.g., Orthopedic & Sports Injury Clinic v. Wang Labs.*, Inc., 922 F.2d 220, 224 (5th Cir. 1991) (affirming exclusion of expert affidavit that was "wholly or almost wholly conclusory and . . . not supported by sufficient facts"). Because Wright fails completely to provide any factual or methodological basis for his opinions, she should be precluded from offering any expert testimony in this case. *See, e.g., Torch Energy Mktg., Inc. v. Pac. Gas & Elec. Co.*, No. H-01-3402, 2003 U.S. Dist. LEXIS 20941, at *29 (S.D. Tex. Mar. 31, 2003).

### III.    PRAYER

WHEREFORE, Plaintiff respectfully requests this Court GRANT the motion to exclude the expert testimony of Andrew Wright and strike the Expert Report of Andrew Wright, and such further relief, in law or equity that it may show itself justly entitled.

Respectfully submitted,

THE VETHAN LAW FIRM, PC

By: /s/charlesmrvethan_____
Charles M.R. Vethan
Attorney-in-Charge
Texas Bar No: 00791852
Southern District Bar No: 19566

Of Counsel:

THE VETHAN LAW FIRM, PC
3501 Allen Parkway
Houston, Texas 77019
Telephone: (713) 526-2222
Telecopier: (713) 526-2230

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct of copy of this forgoing document was served on all parties, represented through counsel or pro se, pursuant to the Federal Rules of Civil Procedure through CM/ECF on this 2nd day of January 2013, as follows:

Mark C. Hill
Robert J. Myers
ROBERT J. MYERS & ASSOCIATES
6777 Camo Bowie Blvd., Ste. 215
Fort Worth, Texas 76116

/s/ charlesmrvethan_____
Charles M.R. Vethan